## John E. Jones v. David M. Hillis et al.

1. CHANCERY PRACTICE—*Motions to Dismiss a Cross-bill.*—A motion in the nature of a demurrer to strike a cross-bill from the files on the ground that it does not show any equitable grounds of affirmative relief should be denied, and the cross-complainant given an opportunity to amend, unless it appears that no amendment could be made which would entitle him to relief.

2. SAME—*Hearing of Original and Cross-bills Simultaneously.*— While it is usually a saving of time of the court and counsel to hear the original and cross-bill at the same time, there is no law requiring it to be done. A defendant can not, by filing a cross-bill, delay the complainant in securing a hearing upon his original bill.

Bill for an Injunction.—Appeal from the Circuit Court of Cook County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed October 23, 1900.

Statement.—A bill of complaint was filed in this case June 20, 1899, by appellant, praying in substance that the

appellee Hillis be decreed to deliver or to cause to be delivered to appellant, full paid capital stock of the appellee, the Champion Iron & Steel Company, to the amount of $75,000; that said company be decreed to deliver said stock to appellant, and that said company be restrained from delivering said stock to appellee Hillis, and that said Hillis be restrained from receiving any of said stock. An injunction was issued as prayed by said bill, and the writ of injunction and the summons issued in said cause were duly served upon said appellees.

June 28, 1899, appellee Hillis filed his answer to said bill, and the same day filed his cross-bill making as defendants thereto said appellant and one James C. McLaughlin. Upon the filing of said cross-bill, and in pursuance of the prayer thereof, an injunction was issued against the defendants to said cross-bill, and served upon appellant June 30, 1899.

July 6, 1899, appellee Hillis moved the court for a rule on appellant to show cause why he should not be attached for contempt of court for violating the injunction issued upon said cross-bill.

July 19, 1899, appellant filed a general demurrer to said cross-bill. It does not appear that said demurrer was ever disposed of, or called up for argument.

Also July 19, 1899, the following order was entered by the court below :

"It appearing to the court that the original bill filed in this cause is at issue, it is, on motion of David M. Hillis, one of the defendants, ordered that the said original bill, and the issues thereon, be, and the same is hereby referred to J. Leaming, Esq., one of the masters in chancery of this court, to take evidence, and that he report the same with his findings thereon to this court.

It is further ordered that the master speed the said cause."

July 25th it was ordered that an attachment issue against appellant and said McLaughlin, returnable forthwith, as for contempt of court for an alleged violation of the injunction issued upon said cross-bill. Also, July 25th an order was entered dissolving the injunction issued upon said original bill with leave to appellant to file a suggestion of damages.

Jones v. Hillis.

August 2d, appellant filed his motion to set aside said order of reference, and to strike said cross-bill from the files and dismiss this cause, and to enter an order of discontinuance at appellant's costs. It is in said motion stated that it should be allowed because said so-called cross-bill "does not set out or show any equitable grounds of affirmative relief whatsoever * * * and in fact and in law is not a cross-bill." Said motion was denied. Also, on said August 2d, the following order was entered, viz :

"This cause coming on to be heard on the motion of the complainant in the original bill to set aside the order of reference to Master Leaming heretofore entered in this cause, and to dismiss the original bill in this case; and on an alternative motion that the court modify the order of reference staying the proceedings before the master on the part of the defendants in the original bill until the cross-bill is at issue and referred; and the court having heard the arguments of counsel, and being fully advised in the premises, denies each of said motions."

August 28th the report of the master was filed, also exceptions by appellant thereto, and the following order was entered :

"This cause having come on to be heard on the motion of the defendants upon the original bill of complaint, the answers thereto, and the replications to said answers, and upon the report of the master and the exceptions of the complainant to said report, the complainant filed his written cross-motion to dismiss the original bill at complainant's cost without prejudice, and thereupon the court overruled said cross-motion."

In the certificate of evidence, is the following :

"On, to wit, August 28, A. D. 1899, said cause again came on for a hearing before the court, whereupon the following proceedings were had therein :

"Counsel for the defendants presented the master's report on file herein and complainant's exception thereto, and asked for a decree overruling said exceptions and dismissing the original bill for want of equity.

"Thereupon the complainant presented and filed his cross-motion that the original bill be dismissed at complainant's cost without prejudice. Upon consideration of said cross-motion, the court denied the same.

"Thereupon the court, having examined the master's report, exceptions thereto, and draft of decree, and having heard arguments of counsel, did overrule said exceptions, approved said report and entered said decree dismissing said original bill for want of equity.

"Thereupon the complainant prayed an appeal to the Appellate Court of Illinois for the First District, which was allowed by the court upon filing an appeal bond in the sum of five hundred dollars, and certificate of evidence, both within thirty days."

MALCOLM DALE OWEN and JOHN S. STEVENS, attorneys for appellant.

CHAS. S. McCOY, attorney for appellees; GEORGE BURRY, of counsel.

MR. JUSTICE HORTON delivered the opinion of the court.

Two points are made by counsel for appellant. The first is this:

"The motion to strike the cross-bill from the files, though not made in the form of a general demurrer, was in fact such by its language, and the court erred in overruling it. It was also good as a motion."

The whole argument and contention upon this point is upon the theory that said cross-bill sets up no new matter and states no facts or reasons which would entitle said Hillis to affirmative relief. This point is not well taken. We think the cross-bill does present statements which, if sustained by sufficient evidence, would support a decree in favor of appellee Hillis. Counsel for appellant attack said cross-bill in their brief in general terms only, and we shall not, therefore, do more in regard to it than to say in general terms that we think it quite sufficient to sustain the order overruling the motion or demurrer, whichever it be called.

But whether it be so or not, the motion should have been denied for the reason that the cross-complainant should be given an opportunity to amend, unless it appears that no amendment could be made which would entitle him to relief. The court below did not err in denying said motion.

The second point is this :

" As the result of Hillis' proceedings on the original bill he must be taken as having abandoned his cross-bill, and so left appellant free to dismiss his bill."

As to this, it is urged that because the appellee Hillis adopted the course of " bringing the original bill on for hearing alone, against appellant's repeated and persistent objections, he must be held to have abandoned his cross-bill, and so removed it as an obstacle to the dismissal of the original bill."

There is no merit in this contention. While it is usually a saving of time of the court and counsel to hear the original and the cross-bill at the same time, yet there is no law requiring this to be done. It does not rest with counsel for appellant, under the record in this case, to argue that a defendant may, by filing a cross-bill, delay the complainant in securing his rights as though such were the facts in this case. All of the dilatory motions and pleading were by the appellant. The original bill was filed June 20th, and the summons issued thereon was not returnable until the third Monday in July. Yet the appellee Hillis filed his answer thereto and his cross-bill June 28th, and caused the original case, which he put at issue so promptly, to be referred to a master before the return day of the summons, with directions to the master to speed the case.

We perceive no merit in the contentions of counsel for appellant, and no error by the court below. The decree of the Circuit Court is affirmed.